[660 NYS2d 450]

In the Matter of PAUL MORABITO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 21, 1997

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Syosset *(Grace D. Moran* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was served with a petition containing two charges of professional misconduct. After a hearing, at which the respondent appeared and testified, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has neither cross-moved nor submitted any reply papers.

Charge One alleged that the respondent was convicted of a serious crime as defined by Judiciary Law § 90 (4) (d), in violation of Code of Professional Responsibility DR 1-102 (A) (3), (4) and (8) (22 NYCRR 1200.3 [a] [3], [4], [8]).

On or about September 14, 1995, a superseding bill of information for conspiracy to conduct an illegal gambling business was filed with the United States District Court for the Eastern District of Louisiana, Criminal Docket No. 94-158, wherein the respondent was charged with violating 18 USC § 371, a Federal felony. On or about September 15, 1995, a "factual-basis stipulation" was executed between the Government and the respondent agreeing on the facts which would have been proven had the matter gone to trial.

On or about April 18, 1996, the respondent entered a plea of guilty to the superseding information, before the Honorable Edith Brown Clement, to a term of probation and a fine of $5,000. A certified copy of the judgment of conviction was filed with the court on or about May 30, 1996.

Charge Two alleged that the respondent failed to re-register as an attorney, as required by Judiciary Law § 468-a, for a period of four years, in violation of Code of Professional Responsibility DR 1-102 (A) (3), (4), (5) and (8) (22 NYCRR 1200.3 [a] [3], [4], [5], [8]).

On or about March 23, 1990, the respondent registered as an attorney with the Office of Court Administration (OCA), as required by Judiciary Law § 468-a. The respondent was required to re-register within 30 days of his birthday, April 9, 1992. OCA records disclosed that the respondent has failed to re-register.

Based on the conviction, the respondent's admissions, and the evidence adduced, the Special Referee properly sustained both charges. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's expressions of

remorse and his cooperation with Federal authorities. Notwithstanding the leniency of his Federal sentence, the respondent's involvement in such a far-reaching scheme warrants his disbarment.

BRACKEN, J. P., ROSENBLATT, MILLER, O'BRIEN and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Paul Morabito, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Paul Morabito shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, Paul Morabito is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.